UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRED REEVES,

      Plaintiff,

v.                                                                                                Case No. 4:04-CV-147

F. HOGLE, R. PERTEET, P. JENSEN,                              HON. GORDON J. QUIST
J. WOHLFERT, S. PETTIT, T. TKACH,
E. SIMON, C. COWLEY,
M. RICHARDSON, M. THOMAS,
UNKNOWN MAHALIC,
UNKNOWN LAFLER, and
"JOHN DOE #1-10",

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 17, 2006, in which Magistrate Judge Brenneman recommended that Defendants' motions to dismiss be granted. Plaintiff alleged in his complaint that: (1) On April 26, 2003, Defendants Hogle and Perteet placed him in restraints, took him into the day room, and shredded some of his legal documents while threatening that if he did stop lawsuits using staff social security numbers in his kites he would be killed; and (2) that Defendants Jensen, Wohlfert, Pettit, Tkach, Simon, Crowley, Mahalic, Richardson, and Lafler retaliated against Plaintiff by writing false misconducts against Plaintiff on various occasions. The magistrate judge recommended that Plaintiff's complaint should be dismissed because Plaintiff's complaint in this case violates the language of the injunction the Chief Judge of this district entered against Plaintiff in *Reeves v. Smith*, No. 4:03-CV-50 (W.D. Mich. Mar. 31, 2004), specifically, because it raises several incidents that

did not arise out of a common nucleus of fact, in violation of the injunction. The magistrate judge noted that the complaint involved the April 26, 2003, incident as well as numerous other incidents involving alleged false misconduct reports written between April 25 and April 28, 2003, that occurred at different times, involved an assortment of corrections officers, and were adjudicated in 17 separate misconduct hearings. Alternatively, the magistrate judge recommended that Plaintiff's complaint be dismissed because he failed to state a claim for retaliation against his exercise of his First Amendment rights.[1] Specifically, the magistrate judge concluded that Plaintiff's claim failed because he was not engaged in a protected activity (use of corrections officers' social security numbers) and because Plaintiff's threats against corrections officers were not speech protected by the First Amendment. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objections, Plaintiff contends that the incidents in his complaint all arise from a common nucleus of fact because he alleged that Defendants Hogle and Parteet placed him in restraints and made good on their threat to keep him in restraints by having Defendants Jenson, Wohlfert, Pettit, Tkach, Simon, Cowley, Mahalic, Richardson, and Lafler write false misconducts against Plaintiff. In addition, Plaintiff states that while his use of the corrections officers' social security numbers was not a protected activity, he also claims that Defendants retaliated against him because he refused to drop his lawsuit.

Having reviewed Plaintiff's affidavit and his complaint, the Court agrees with the magistrate judge that Plaintiff's complaint violates the injunction because the incidents alleged in the complaint did not arise out of a common nucleus of fact. Moreover, the Court finds that the magistrate judge

---

[1] Although Defendants' motions were motions to dismiss for failure to state a claim, the magistrate judge treated the motions as motions for summary judgment because Plaintiff filed an affidavit in response to Defendants' motions.

was correct to conclude that Plaintiff was not engaged in protected conduct when he used officers' social security numbers and made threats against the officers.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 17, 2006 (docket no. 56) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions To Dismiss (docket nos. 26, 48) are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion For Protective Order To Stay Discovery (docket no. 59) is **DISMISSED AS MOOT**.

This case is **concluded**.


Dated: March 8, 2006                                     /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE